UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMETT HARRIS, | No. 2:19-cv-1037 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| RICK M. HILL, et al., | |
| Defendants. | |

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    I.    <u>Application to Proceed In Forma Pauperis</u>

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 6. Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

The complaint names as defendants Old Folsom State Prison, Warden Hill, and Correctional Officer Nagtaion. ECF No. 1. Plaintiff alleges that on June 10, 2018, defendants violated his rights when he was taken to the emergency room, where defendant Nagtaion falsely told the doctor that plaintiff had contraband in his rectum and Hill "signed off on it." Id. at 3.

IV.   Failure to State a Claim

As an initial matter, plaintiff's claim against the prison is barred by sovereign immunity because the prison is an arm of the state. See Howlett v. Rose, 496 U.S. 356, 365 (1990) (the state and arms of the state "are not subject to suit under § 1983" (citing Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989))). With respect to defendants Nagtaion and Hill, plaintiff's sparse allegations are insufficient to state a claim. It is unclear whether Nagtaion knew that plaintiff did not have any contraband but said that he did, or whether he mistakenly believed that plaintiff had contraband. It is also unclear what happened after Nagtaion told the doctor that plaintiff had contraband in his rectum (e.g. imaging was performed, plaintiff was subjected to a cavity search, etc.) or what he means by defendant Hill "signed off on it."

V.   Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo

1  v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how
2  each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th
3  Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link
4  or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,
5  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official
6  participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,
7  268 (9th Cir. 1982) (citations omitted).

8  Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
9  his first amended complaint complete.  Local Rule 220 requires that an amended complaint be
10  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
11  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
12  1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th
13  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled
14  in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended
15  complaint, the original complaint no longer serves any function in the case.  Therefore, in an
16  amended complaint, as in an original complaint, each claim and the involvement of each
17  defendant must be sufficiently alleged.

18  VI.  Plain Language Summary of this Order for a Pro Se Litigant
19  Your request to proceed in forma pauperis is granted and you are not required to pay the
20  entire filing fee immediately.
21  You are being given leave to amend because the facts you have alleged in the complaint
22  are not enough to state a claim for relief.  You have not provided enough information about what
23  each defendant did.
24  If you choose to amend your complaint, the first amended complaint must include all of
25  the claims you want to make because the court will not look at the claims or information in the
26  original complaint.  **Any claims or information not in the first amended complaint will not be**
27  **considered.**
28  ////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: April 12, 2021

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE