UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMETT HARRIS, | No. 2:19-cv-1037 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| RICK M. HILL, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Defendants have filed a motion to compel discovery (ECF No. 33), to which plaintiff has not responded.

Defendants assert that they served requests for production, interrogatories, and requests for admissions on plaintiff on November 8, 2021, and that as of the date of their motion to compel, plaintiff has not responded. ECF No. 33 at 3. Defendants request that plaintiff be ordered to sit for his deposition and to respond to the interrogatories and requests for production, and that the requests for admission be deemed admitted. ECF No. 33 at 3-4. They also request costs related to the failed attempt to depose plaintiff and bringing the motion to compel. Id. at 4-5.

After plaintiff failed to respond to the motion to compel, he was given an additional opportunity to respond to the motion and cautioned that his failure to respond would be construed

1

as consent to the motion being granted and may result in the imposition of sanctions. ECF No. 36. The time for responding has now passed, and plaintiff has once again failed to file a response to the motion to compel. The motion to compel will therefore be granted and plaintiff will be required to respond to defendant's interrogatories and request for production without objection and the requests for admission are deemed admitted. Defendants will also be given another opportunity to depose plaintiff and plaintiff must participate fully in the deposition. Plaintiff is warned that if he fails to comply with any part of this order, it will result in sanctions that may range from exclusion of evidence all the way up to dismissal of the case, depending upon the degree of non-compliance.

When a party fails to appear for his deposition or there is a complete failure to respond to requests for production or interrogatories, as there has been in this case, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). In light of plaintiff's indigence and his status as a pro se plaintiff who was only recently released from prison, the court finds that an award of expenses would be unjust and the request will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 33) is GRANTED.

2. Defendants' requests for admission are deemed admitted. See Fed. R. Civ. P. 36(a)(3).

3. Within fourteen days of the service of this order, plaintiff must provide responses to defendants' requests for production and interrogatories without objections. Defendants may file a motion for sanctions within thirty days of the service of this order if plaintiff fails to comply.

4. Within sixty days of the service of this order, defendants may take plaintiff's deposition. If plaintiff fails or refuses to participate in his deposition, defendants may bring a motion for sanctions within fourteen days of plaintiff's failure or within fourteen days of being advised of plaintiff's refusal.

////

     5.  If plaintiff fails to comply with any part of this order, he may be subject to sanctions, which shall range from the exclusion of evidence up to dismissal of this case for failure to prosecute and failure to comply with a court order.  <u>See</u> Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 41(b); L.R. 110.

DATED: March 22, 2022

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3